UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYRUS YOO KIM,

    Plaintiff,

    v.

DEPARTMENT OF LICENSING OF WASHINGTON STATE and DIRECTOR FRED E. STEPHENS,

    Defendants.

CASE NO. C05-477RSM

ORDER GRANTING MOTION TO DISMISS

    This matter is before the Court on defendants' Rule 12(b)(1) motion to dismiss for lack of jurisdiction. The Court has fully considered defendants' motion, plaintiff's opposition, and the prior litigations history set forth by defendants. For the reasons set forth below, the Court grants defendants' motion.

## DISCUSSION

    This is the fourth lawsuit in which plaintiff has attempted to challenge the suspension of his driver's license. Plaintiff in this case challenges, as he has before, the constitutionality of two state motor vehicle licensing statutes, the Financial Responsibility law, RCW 46.29, and Mandantory Liability Insurance law, RCW 46.30. He contends that the suspension of his driver's license is cruel and unusual punishment in violation of the Eighth Amendment, and constitutes deprivation of property without due process. His demand for relief amounts to almost $20 million.

    Defendants have moved to dismiss on the bases of lack of subject matter jurisdiction and res

ORDER GRANTING MOTION TO
DISMISS - 1

judicata. Plaintiff has sued on this cause three times before, each time challenging the constitutionality of the statutes. Each suit was dismissed on the basis of the State's Eleventh Amendment sovereign immunity. <u>Kim v. State of Washington</u>, C04-0217TSZ; <u>Kim v. State of Washington</u>, King County Cause No. 04-2-10000-3 SEA; <u>Kim v. Director of the Department of Licensing</u>, C04-2244C. Plaintiff did not appeal any of these dismissals.

In opposing dismissal, plaintiff asserts that in this suit he is challenging three separate orders suspending his license, dated June 4, 1999, February 9, 2001, and February 10, 2005, whereas in his previous suits he was challenging only the 1999 and 2001 orders. He also names different defendants, namely the Department of Licensing and its director Fred Stephens, in place of the State of Washington. Neither of these distinctions can avoid the application of res judicata and the effect of the State's Eleventh Amendment immunity.

Principles of res judicata apply to questions of jurisdiction. <u>Sunshine Anthracite Coal Co. v. Adkins</u>, 310 U.S. 381, 403 (1940). This Court has twice before found plaintiff's challenge to the suspension of his driver's license barred by the Eleventh Amendment, and has dismissed it for lack of subject matter jurisdiction. <u>Kim v. State of Washington</u>, C04-0217TSZ; <u>Kim v. Director of the Department of Licensing</u>, C04-2244C. That alone is dispositive of the present motion. Yet even if this were plaintiff's first lawsuit challenging the suspension of his license, this Court would now find it barred by the Eleventh Amendment, which grants the states sovereign immunity against suit in federal court. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984).

The naming of Department of Licensing Director Fred Stephens personally does not change this result, because plaintiff has made no allegations that Mr. Stephens personally deprived him of his driver's license, or otherwise acted in such a way as to subject him to liability under 42 U.S.C. § 1983.[1] The only allegation against Mr. Stephens is that he "neglected the due care of his duty imposed by RCW 46.29.030

---

[1] Plaintiff has nowhere in his complaint made a claim for violation of his civil rights under 42 U.S.C. § 1983. Nevertheless, the Court applies this analysis to demonstrate that even if his *pro se* complaint were liberally construed, it still fails to state a claim within this Court's subject matter jurisdiction.

ORDER GRANTING MOTION TO
DISMISS - 2

1 and duty as agency administrator by having left the two statutes unconstitutional." Complaint, p. 2. However, the duty imposed upon the director under the cited statute is "to enforce the provisions of this chapter" and to make such "rules and regulations as are necessary for its administration." RCW 46.29.030. Nowhere does the cited statute impose upon the director, personally, any duty of care toward the public. Nor does the director have any duty or indeed any power regarding, in plaintiff's words, leaving "the two statutes unconstitutional"; that is a matter that is in the hands of the legislature.

Plaintiff has failed to overcome the effect of res judicata in this, his third attempt in this Court to plead this cause of action, and has failed to state any claim over which this Court has jurisdiction. As this Court finds once again that this action is barred by the Eleventh Amendment sovereign immunity of the State of Washington, defendants' motion to dismiss is GRANTED, and this action is DISMISSED on the basis of res judicata and for lack of jurisdiction.

DATED this _25_ day of July, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO
DISMISS - 3